**José Corrales BRION, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICES, Respondent.**

**No. 01–71439.**

**INS No. A72–093–581.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Nov. 26, 2002.

■

---

** Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

Before McKEOWN and PAEZ, Circuit Judges, and POLLAK,* Senior District Judge.

### MEMORANDUM**

On March 25, 1997, an immigration judge (IJ) found the petitioner, José Corrales Brion (Brion), to be deportable, but granted Brion a suspension of deportation, and declined to consider Brion's applications for asylum, withholding, and voluntary departure. On April 23, 1997, the Immigration and Naturalization Service (INS) appealed the IJ's decision to the Board of Immigration Appeals (BIA). On July 30, 2001, the BIA reversed the IJ's decision granting Brion a suspension of deportation, and remanded the case to the IJ for consideration of Brion's applications for asylum, withholding, and voluntary departure. On August 29, 2001, Brion filed a petition for review of the BIA's order in this court. Based on the administrative record, it is difficult to determine in detail the subsequent procedural history of the case, but it appears that the Brion's deportation order did not become final until April 8, 2002.[1] What is clear, however, is that when Brion filed the present petition for review, neither the IJ nor the BIA had issued, and Brion was not subject to, a final order of deportation.

Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105(a) (1994), provides for judicial review of "final orders of deportation." But the petition pending before us is not from the BIA's April 8, 2002 final order of deportation. Brion did not petition for review of that final order.

The pending petition is for review of the BIA's July 30, 2001 order, which (1) reversed the IJ's March 25, 1997 grant of suspension of deportation, and (2) remanded for further proceedings.

Because the July 30, 2001 order included a remand for further proceedings, it was not a final order and, accordingly, the August 29, 2001 petition for review of that order is one we have no jurisdiction to entertain: a "premature petition is a nullity because there is no final deportation order to review." *Chu v. INS,* 875 F.2d 777, 780 (9th Cir.1989). Nor does the fact that the BIA ultimately issued a final order of deportation "cure" a petition that was filed prematurely. *Id.* at 781. For the foregoing reasons, Brion's petition for review is dismissed for lack of jurisdiction.

**DISMISSED**

---

* Honorable Louis H. Pollak, United States Senior District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Respondent notes that the deportation order became final on April 8, 2002, when "the Board issued a dismissal of the immigration judge's subsequently certified question to the Board." *Brief of Respondent* at 3.