IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2007

Charles R. Fulbruge III
Clerk

No. 06-60654

AGUSTO DIAS MOREIRA,

Petitioner,

v.

MICHAEL B. MUKASEY, United States Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals

Before DAVIS, STEWART, and OWEN, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Augusto Dias Moreira petitions for review of the removal order finding him removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), which authorizes the deportation of "any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." Moreira argues that his Massachusetts convictions for malicious damage to a motor vehicle and larceny to a motor vehicle do not qualify as crimes involving moral turpitude. The Government argues that we lack jurisdiction to consider Moreira's petition. For the following reasons we dismiss the petition.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 1999, Moreira was convicted of malicious damage to a motor vehicle, in violation of Massachusetts General Law Ch. 266 § 28.  Later that year, on October 19, Moreira was convicted of larceny of a motor vehicle under the same Massachusetts statute.

As a result of these convictions, the Immigration and Naturalization Service filed a Notice to Appeal, alleging that Moreira was subject to removal under § 1227 because he had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.  On January 23, 2003 the Immigration Judge ("IJ") ordered Moreira removed, rejecting Moreira's contention that his offenses failed to qualify as crimes of moral turpitude.  The IJ also determined that Moreira was ineligible for cancellation of removal because Moreira had committed the offense of larceny of a motor vehicle before he accrued the requisite period of seven years of continuous residence in the United States.  See 8 U.S.C. § 1229b(a)(2), (d)(1).

Moreira filed a timely pro se notice of appeal to the Board of Immigration Appeals ("BIA").  On August 20, 2003, the BIA affirmed the decision of the IJ and dismissed Moreira's appeal.   The BIA held that Moreira's offenses of malicious damage to a motor vehicle and larceny of a motor vehicle constituted crimes involving moral turpitude.  On September 15, 2003, Moreira filed a motion for reconsideration and to reopen the BIA's decision dismissing his appeal of the IJ's order.  In that motion he contended that the BIA erred in concluding that his convictions constituted crimes involving moral turpitude and that he was eligible to apply for cancellation of removal.  The BIA denied this motion.  On December 1, 2003, Moreira filed a second motion to reopen and reconsider, which the BIA denied.

On August 8, 2003, while his appeal to the BIA was pending, Moreira filed the instant habeas corpus petition in the District of Connecticut.  On February

12, 2004, the District of Connecticut transferred Moreira's habeas petition to the Western District of Louisiana. Pursuant to the provisions of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, the petition was converted into a petition for review and transferred to this Court.

Moreira also filed two other petitions for review. On September 8, 2003, after the BIA dismissed his appeal but before the BIA denied his motions for reconsideration, Moreira filed a petition for review of the BIA's August 20, 2003 decision in the Second Circuit. This petition was transferred to the Fifth Circuit, and we dismissed the petition under 8 U.S.C. § 1252(a)(2)(C), which precludes judicial review of final orders of removal against aliens that have committed certain criminal offenses.[1] On May 24, 2004, Moreira filed another habeas petition in the Northern District of Alabama. This petition was also transferred to the Fifth Circuit and dismissed for lack of jurisdiction under 8 U.S.C. § 1227(a)(2)(A)(ii).

## II.  JURISDICTION

The Government argues that this Court is without jurisdiction to review the BIA's order dismissing Moreira's appeal of the IJ's order of removal, and the BIA's orders denying Moreira's motions to reopen and reconsider inasmuch as Moreira's petition can be viewed as appealing these orders.

We clearly lack jurisdiction to consider the BIA's denial of Moreira's motions to reopen and reconsider. The denial of a motion to reconsider is a

---

[1] At that time, we were precluded from reviewing Moreira's claims under Section 1252(a)(2)(C), which expressly bars judicial review of final orders of removal against an alien who is removable due his commission of certain criminal offenses, including two or more crimes involving moral turpitude. However, the enactment of the REAL ID Act of 2005 restored our jurisdiction to review questions of law or constitutional claims raised in a petition for review of final removal, deportation, and exclusion orders. Therefore, even in cases otherwise covered by § 1252(a)(2)(C), we now retain jurisdiction to review questions of law or constitutional claims. See 8 U.S.C. § 1252(a)(2)(D). Because the issue of whether a conviction is for a crime involving moral turpitude is a purely legal question, our jurisdiction is no longer barred on this basis. Rodriguez-Castro v. Gonzales, 427 F.3d 316.

separate final order, requiring its own petition for review. Guevera v. Gonzales, 450 F.3d 173, 176 (5th Cir. 2006). Thus, to the extent that Moreira challenges the denial of his motions to reconsider and reopen, this Court is without jurisdiction because the habeas petition before the Court does not encompass the BIA's denial of the motions to reopen and reconsider.

Thus, the only question remaining is whether we have jurisdiction to consider Moreira's challenges to the IJ's order of removal and the BIA's affirmance of that order. The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review. 8 U.S.C. § 1252(a)(5); see also Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 735-36 (5th Cir. 2005), cert. denied,126 S. Ct. 1055 (2006). The general grant of appellate jurisdiction is found in 8 U.S.C. § 1252(a)(1), which establishes "[j]udicial review of a final order of removal." An order of removal becomes "final" when the BIA affirms an IJ's finding of removability or when the time for appealing the IJ's decision has expired. 8 U.S.C. § 1101(a)(47)(B). We may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right. 8 U.S.C. § 1252 (d)(1).

The Government argues that we also lack jurisdiction over these challenges because Moreira's appeal of the IJ's removal order was pending at the time he filed his habeas petition. Thus, the Government argues that Moreira appealed from a non-final removal order over which this Court has no jurisdiction under § 1252. The Government also contends that Moreira's petition should be dismissed because, at the time of filing, Moreira had not exhausted his administrative remedies as required by § 1252 (d)(1).

This Court has not yet determined whether we have jurisdiction to consider a petition for review which was filed after entry of the IJ's order of removal, but before the BIA has ruled on the alien's appeal. However, the

Second, Sixth, and Ninth Circuits have addressed this issue and reached differing conclusions.

In Lewis v. Gonzales, 481 F.3d 125 (2d Cir. 2007), the petitioner filed his petition for review prior to the BIA's affirmance of the IJ's order of removal. In Lewis, the government offered the same jurisdictional argument that it makes here. Id. at 128. Rejecting this argument, the Second Circuit concluded that it may exercise jurisdiction over a premature petition as long as "the BIA has since affirmed petitioner's removal order and the respondent has not shown prejudice." Id. at 129. Finding both conditions satisfied, the court concluded that it possessed jurisdiction and proceeded to the merits of the petitioner's claims. Id.; see also Foster v. INS, 376 F.3d 75, 77 (2d Cir. 2004) (concluding that court possessed jurisdiction over premature petition where BIA eventually affirmed the removal order and the government failed to demonstrate prejudice).

The Sixth Circuit reached the opposite conclusion in Jaber v. Gonzales, 486 F.3d 223 (6th Cir. 2007). Jaber filed a § 2241 petition challenging an IJ's 2004 denial of his motion to reopen. Jaber filed his petition while his appeal to the BIA of the denial of the motion to reopen was still pending, but the BIA subsequently denied the appeal. The court concluded that it lacked jurisdiction over Jaber's petition for review. To the extent that Jaber challenged the IJ's denial of the motion to reopen, the court found that "[b]ecause the BIA was in the process of reviewing that IJ decision, this court does not have jurisdiction to review the IJ decision independently." Id. at 228 (citing Prekaj v. INS, 384 F. 3d 265, 267 (6th Cir. 2004)). To the extent that Jaber's petition could be construed as requesting review of the BIA's eventual denial of his appeal, the court found that it also lacked jurisdiction because "Jaber has not filed a petition for review, and the REAL ID Act does not turn a premature habeas petition into such a petition for review." Id.

The Ninth Circuit held similarly that it lacked jurisdiction in Brion v. INS, 51 F. App'x 732, 733 (9th Cir. 2002). In that case, an IJ found Brion deportable, but granted Brion a suspension of deportation, and refused to consider Brion's applications for asylum, withholding, and voluntary departure. The INS appealed this decision to the BIA, and on appeal, the BIA reversed the IJ's decision granting Brion a suspension of deportation and remanded to the IJ for consideration of Brion's applications. Brion then filed a petition for review of the BIA's order with the Ninth Circuit. Subsequently, after the remand and another appeal to the BIA, Brion's order of deportation became final. The Ninth Circuit concluded that it lacked jurisdiction over Brion's petition for review. It noted that its jurisdiction was limited to reviewing "final orders of deportation." However, the petition before the court was not from the BIA's final order of deportation; instead, the petition requested review only of the BIA's earlier decision reversing the IJ and remanding for further consideration. The court held that: "[A] premature petition is a nullity because there is no final deportation order to review. Nor does the fact that the BIA ultimately issued a final order of deportation 'cure' a petition that was filed prematurely." Id. at 733.

We agree with the Sixth and Ninth Circuits and conclude that we lack jurisdiction over Moreira's petition.

To the extent that Moreira challenges the IJ's order of removal, we lack jurisdiction because this court does not have jurisdiction to review the IJ decision independently. See Girma v. INS, 283 F.3d 664, 666 (5th Cir. 2002) ("We have authority to review only an order of the BIA, not the IJ, unless the IJ's decision has some impact on the BIA's decision."); Castillo-Rodriguez v. INS, 929 F.2d 181, 183 (5th Cir. 1991) ("This Court is authorized to review only the order of the Board, not the decision of the immigration judge.").

To the extent that Moreira's petition can be construed as requesting review of the BIA's eventual dismissal of his appeal, our jurisdiction limits our review to "final orders of deportation." At the time that Moreira filed his petition for review, there was no such final order that would permit us to review the order of deportation. Further, through the immigration statutory scheme, Congress has expressly limited our jurisdiction to review orders of deportation. Accordingly, we are persuaded by the approaches taken by the Sixth and Ninth Circuits. Because there was no final order of removal to review, we lacked jurisdiction at the time Moreira's petition was filed. The BIA's later dismissal of Moreira's appeal could not cure this jurisdictional defect.

IV.   CONCLUSION

For the foregoing reasons, Moreira's petition for review is DISMISSED for lack of jurisdiction.