IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-60545
Summary Calendar

_____

MAGDALY WALESKI ORTIZ-MORALES,

Petitioner,

v.

MICHAEL B. MUKASEY,
U.S. Attorney General,

Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals
No. A70 291 383

_____

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Magdaly Ortiz-Morales is a native and citizen of Honduras who petitions

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for review of a final order of the Board of Immigration Appeals ("BIA") affirming the denial of her motion to reopen her deportation proceedings. She failed to appear for her deportation hearing in November 1989 and was ordered deported in absentia. Seventeen years later she filed the motion to reopen.

Ortiz-Morales argues that she is entitled to Temporary Protection Status ("TPS") because all Hondurans have been granted such status until January 2009. She raised her TPS claim in her motion asking the BIA to reconsider its affirmance of the denial by the immigration judge ("IJ") of her motion to reopen. Because, however, she did not appeal the BIA's action, this court lacks jurisdiction to review her argument regarding TPS. See Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007).

Ortiz-Morales contends that the 180-day period that she had to file a motion to reopen the proceedings to challenge the in absentia deportation order should be equitably tolled because she received ineffective assistance of counsel. She urges that she did not appear at her deportation hearing because someone who fraudulently represented himself to be a lawyer told her that she had been given "parole to leave for California if she stayed in touch with D.H.S. which she did by filing application for Employment Authorization." She avers that she was required to show only "reasonable cause" for missing the hearing and that, because she was a minor, notice of the hearing also had to be served on an adult.

Ortiz-Morales did not present to the BIA her argument that notice of the hearing had to be served on an adult, so she has not exhausted that claim, and this court lacks jurisdiction to review it. See Heaven v. Gonzales, 473 F.3d 167, 177 (5th Cir. 2006). Further, her argument about equitable tolling is inapposite. The BIA ruled that she was removed pursuant to 8 U.S.C. § 1252(b) and that, because service of the hearing notice occurred before June 13, 1992, her motion to reopen the deportation proceedings was not subject to time limitations.

The Attorney General argues that Ortiz-Morales has not exhausted her claim that ineffective assistance of counsel was the reason she did not appear at

her deportation hearing. Pursuant to 8 U.S.C. § 1252(d), "[a] court may review a final order of removal only ifSS (1) the alien has exhausted all administrative remedies available to the alien as of right . . . ." This court has interpreted that requirement to mean that failure to exhaust an issue creates a jurisdictional bar on appeal. Heaven, 473 F.3d at 177. "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIASSeither on direct appeal or in a motion to reopen." Id. (internal quotation marks and citation omitted).

Ortiz-Morales's appeal to the BIA did not mention that a notario told her that she could leave and that was why she failed to appear. Moreover, the cases to which she directed the BIA do not link bad advice from a notario or from counsel to reasonable cause for failing to appear at a deportation hearing. Consequently, she did not exhaust administrative remedies with respect to her claim that reliance on the notario was reasonable cause for failure to appear, and we lack jurisdiction to entertain it on appeal. See id.

Ortiz-Morales seeks to file what she terms a "new" asylum application in which she seeks withholding of removal and relief under the Convention Against Torture ("CAT"). Because she has failed to brief adequately, however, she has waived this court's review of whether the BIA erred when it determined that the motion to reopen the proceedings to pursue asylum and withholding of removal was not timely filed. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986). Because Ortiz-Morales has not established that the BIA erred in denying her motion to reopen the proceedings to pursue asylum, withholding of removal, cancellation of removal, and relief under CAT, her argument that she is entitled to the same is unavailing.

The petition for review is DENIED.