# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2010

Lyle W. Cayce
Clerk

No. 10-60007
Summary Calendar

RAFAEL ANTONIO MONGE, also known as Rafael Antonio Navarrette Monge,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 030 254

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rafael Antonio Monge, a native and citizen of El Salvador, was charged with being removable as an alien not lawfully admitted or paroled and as an alien convicted of a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i). Monge admitted the allegations and conceded removability on the charges. The Immigration Judge found Monge removable and denied his application for withholding of removal and protection under the Convention

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Against Torture. The Board of Immigration Appeals dismissed Monge's appeal. Monge now petitions this court for review.

Monge argues that his documentary and testimonial evidence showed that he was entitled to withholding of removal. Monge does not renew his challenge to the denial of protection under the Convention Against Torture. Therefore, the claim is abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The respondent contends that this court lacks jurisdiction under 8 U.S.C. § 1252(a)(2)(C) to review Monge's claim regarding the finding that he was ineligible for withholding of removal.

Monge was found removable for having been convicted of a controlled substance offense as set forth in § 1227(a)(2)(B)(i). When an alien is removable under § 1227(a)(2)(B)(i), this court lacks jurisdiction to review the final order of removal. § 1252(a)(2)(C); *Flores-Garza v. INS*, 328 F.3d 797, 801-02 (5th Cir. 2003). However, this court retains jurisdiction over constitutional claims and questions of law. § 1252(a)(2)(D); *Moreira v. Mukasey*, 509 F.3d 709, 711 n.1 (5th Cir. 2007).

Monge does not raise any constitutional claims or questions of law. Accordingly, we lack jurisdiction to review the final order of removal. *See Alwan v. Ashcroft*, 388 F.3d 507, 515 (5th Cir. 2004). The petition for review is DISMISSED.