# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2023

Lyle W. Cayce
Clerk

No. 21-60039

Jorge Armando Ayala Chapa,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A044 330 761

Before Richman, *Chief Judge*, and Elrod and Oldham, *Circuit Judges*.

Andrew S. Oldham, *Circuit Judge*:

The Government ordered Jorge Arman Ayala Chapa removed from the United States because he's an alien convicted of a controlled substance offense. He applied for cancellation of removal. An immigration judge denied his application. The Board of Immigration Appeals dismissed his appeal and denied his motion to reconsider. We lack jurisdiction to review either decision.

No. 21-60039

## I.

Jorge Armando Ayala Chapa is a citizen of Mexico. From 2005 to 2020, Ayala Chapa was arrested and convicted for several crimes. In 2005, he was arrested for possession of marijuana, charged as a juvenile, and granted deferred probation. In 2006, he was arrested for possession of marijuana and for unlawfully carrying a weapon; these charges were dismissed. In 2011, he pled guilty to delivering cocaine on two separate occasions. In 2017, he was convicted of marijuana possession. In 2020, he was convicted of possession of a controlled substance.

On February 27, 2020, the Department of Homeland Security charged him with removability under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(B)(i). Ayala Chapa admitted the factual allegations and conceded the charge of removability.

Ayala Chapa applied for cancellation of removal, withholding of removal, and protection under the Convention Against Torture. The immigration judge ("IJ") denied his application for all claims. Ayala Chapa appealed to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal. Ayala Chapa petitioned for review in this court. He only preserved his cancellation of removal claim. *See Arulnanthy v. Garland*, 17 F.4th 586, 593 n.1 (5th Cir. 2021).

Ayala Chapa also filed a timely motion with the BIA to reconsider. The BIA denied relief. Ayala Chapa again sought review in this court.

Both petitions are before us. He raises several claims. Before reaching the merits, however, we must assess our jurisdiction on a claim-by-claim basis. *See Fakhuri v. Garland*, 28 F.4th 623, 627 (5th Cir. 2022).

2

No. 21-60039

## II.

We begin with Ayala Chapa's cancellation of removal claim. All agree that Ayala Chapa is statutorily eligible to apply for cancellation, so that's not at issue here. *Cf. Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021); *Mireles-Valdez v. Ashcroft*, 349 F.3d 213 (5th Cir. 2003). Rather, the only question is whether Congress gave us jurisdiction to review the BIA's purely discretionary decision to deny cancellation. It did not.

Cancellation of removal is authorized by 8 U.S.C. § 1229b. Congress expressly stripped our jurisdiction, however, over "any judgment regarding the granting of relief under section . . . 1229b." *Id.* § 1252(a)(2)(B)(i).  As the Supreme Court "has repeatedly explained," the words "any" and "regarding" have "an expansive meaning" in this context. *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022) (quotation omitted). The § 1252(a)(2)(B)(i) jurisdiction strip encompasses not just discretionary judgments but *any* "judgments of whatever kind . . . *relating to* the granting of relief." *Ibid.* (quotation omitted). True, we retain jurisdiction over "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). And reviewable questions of law can include "the application of a legal standard to undisputed or established facts." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020). But subsection (D) does not give us jurisdiction over BIA decisions that are unconstrained by any legal standard. *See, e.g.*, *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022) (no jurisdiction to review whether an alien meets the "exceptional and extremely unusual hardship" standard of 8 U.S.C. § 1229b(b)(1)(D)); *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017) (no jurisdiction to review BIA decision declining to reopen removal proceedings *sua sponte*).

Discretionary decisions to deny cancellation of removal under § 1229b(a) are standardless and hence unreviewable. *See Monsonyem v.*

3

*Garland*, 36 F.4th 639, 646 n.1 (5th Cir. 2022) (per curiam). The statute merely says the Attorney General "*may* cancel removal" if a lawful permanent resident satisfies certain conditions. 8 U.S.C. § 1229b(a) (emphasis added). But it does not *require* the Attorney General to do anything. *See Barton v. Barr*, 140 S. Ct. 1442, 1445 (2020) ("If a lawful permanent resident meets [the § 1229b(a)] eligibility requirements, the immigration judge has discretion to (*but is not required to*) cancel removal and allow the lawful permanent resident to remain in the United States." (emphasis added)); *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 581 (2010) (Even if an alien can satisfy the eligibility requirements and "may" seek cancellation of removal under § 1229b(a), "[a]ny relief he may obtain depends upon the discretion of the Attorney General.").

Ayala Chapa cites no regulations or cases that provide a legal standard for § 1229b(a) claims. Instead, he postulates that *Matter of C-V-T-*, 22 I&N Dec. 7 (BIA 1998), supplies a legal standard. But he's wrong. Even if a BIA decision could provide a legal standard, this one merely advises IJs to look to the "totality of the evidence" and consider a non-exhaustive, permissive list of factors "upon review of the record as a whole" to decide if the applicant "warrants a favorable exercise of discretion." 22 I&N Dec. at 14. Such totality-of-the-circumstances standards are tantamount to no standard at all. *See Falek v. Gonzales*, 475 F.3d 285, 289 n.2 (5th Cir. 2007) (concluding BIA's application of a totality-of-the-circumstances standard is unreviewable because it's a "discretionary decision, which is not a question of law" (quotation omitted)).

Ayala Chapa also argues that we have jurisdiction over his cancellation of removal claim because he's challenging the BIA's "application of law to settled facts." *Guerrero-Lasprilla*, 140 S. Ct. at 1069. But here too, Ayala Chapa is missing a legal standard. Rather, he claims the BIA failed to recognize hardships to his family and mischaracterized his criminal activities,

drug use, and rehabilitation efforts as negative factors. That's just another way of saying the BIA erred in its factual analysis and its discretionary weighing of the facts. *See Tibakweitira v. Wilkinson*, 986 F.3d 905, 911 (5th Cir. 2021) (foreclosing jurisdiction when an alien "essentially asks us to reweigh the facts" in a discretionary determination by "contend[ing] that the IJ and BIA erred by giving weight to certain facts related to his crime and declining to give weight to other facts"); *Nastase v. Barr*, 964 F.3d 313, 319 (5th Cir. 2020) ("To the extent [the alien's] petition presents the issue of whether the BIA should have weighed the equities of his case more favorably to him, we are without jurisdiction to consider it . . . .").

So we have no jurisdiction over Ayala Chapa's cancellation of removal claim.[*]

## III.

Ayala Chapa next contends that even if the BIA's decision was discretionary and hence insulated from review by § 1252, we should nonetheless grant the petition for a procedural reason. Specifically, he contends the BIA acted *ultra vires* by allowing a temporary board member to sign the order dismissing Ayala Chapa's appeal after the board member's six-

---

[*] At times, Ayala Chapa also seems to contest the *IJ's* treatment of his cancellation of removal claim, separate and apart from the *BIA's*. We only have jurisdiction, however, to review "final order[s] of removal." 8 U.S.C. § 1252(a)(1). This means "we have authority to review only the *BIA's* decision because only that decision constitutes final agency action." *Qorane v. Barr*, 919 F.3d 904, 909 n.1 (5th Cir. 2019). Our jurisdiction does not extend to IJ decisions. *See Moreira v. Mukasey*, 509 F.3d 709, 713 (5th Cir. 2007) ("[T]his court does not have jurisdiction to review the IJ decision independently" because it's not a "final order of removal."); *Castillo-Rodriguez v. INS*, 929 F.2d 181, 183 (5th Cir. 1991) ("This Court is authorized to review only the order of the Board, not the decision of the immigration judge.").

No. 21-60039

month term had expired. Here too, however, our precedent requires us to dismiss for lack of jurisdiction.

The INA requires an alien to "exhaust[] all administrative remedies available to [him] as of right." 8 U.S.C. § 1252(d)(1). Where an alien fails to properly exhaust a claim, he cannot raise it before our court. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) (per curiam).

Section 1252(d)(1)'s exhaustion requirement applies to claims alleging defects in the BIA proceedings that the BIA "never had a chance to consider" because they arise "*only* as a consequence of the Board's error." *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022) (quotation omitted). This rule extends to claims of BIA procedural errors that fall short of due process violations. *See Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009); *Roy*, 389 F.3d at 137; *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001). Moreover, "[w]hen a petitioner seeks to raise a claim not presented to the BIA and the claim is one that the BIA has adequate mechanisms to address and remedy, the petitioner must raise the issue in a motion to reopen prior to resorting to review by the courts." *Goonsuwan*, 252 F.3d at 390; *see also Morales-Morales v. Barr*, 933 F.3d 456, 462 (5th Cir. 2019); *Dale v. Holder*, 610 F.3d 294, 298 (5th Cir. 2010); *Toledo-Hernandez v. Mukasey*, 521 F.3d 332, 334 (5th Cir. 2008); *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001).

Ayala Chapa failed to meet these requirements. He never presented his *ultra vires* claim to the BIA, even though he could have raised it in his motion to reconsider. Moreover, Ayala Chapa seeks the *exact* relief the BIA could've awarded him on reconsideration—namely, a new decision by a board member serving an unexpired term. Accordingly, we lack jurisdiction over this claim.

### IV.

Ayala Chapa raises one last challenge to the BIA's denial of his motion for reconsideration. While his reconsideration motion was pending, Ayala Chapa filed a supplemental brief before the BIA to argue that his removal proceedings should be terminated under *Niz-Chavez*. In denying this claim, the BIA held (1) Ayala Chapa forfeited the argument by failing to raise a timely objection, (2) *Niz-Chavez* did not require the agency to terminate the proceedings, and (3) Ayala Chapa did not show prejudice. ROA.666–67.

In his brief before our court, however, Ayala Chapa only contests the first determination. He does not challenge the BIA's reading of *Niz-Chavez* or the BIA's finding that he did not show prejudice. The Government argues, and Ayala Chapa does not object, that he forfeits these arguments on appeal. Since he failed to assert them in his briefs, he abandoned them. *See Arulnanthy*, 17 F.4th at 593 n.1. Because Ayala Chapa forfeited two of the three arguments he needs to prevail on his *Niz-Chavez* claim, anything we might say about his one preserved argument would be purely advisory. *See Correspondence of the Justices*, *in* R. Fallon, J. Manning, D. Meltzer & D. Shapiro, Hart and Wechsler's The Federal Courts and the Federal System 50–52 (7th ed. 2015).

DISMISSED.