# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2023

Lyle W. Cayce
Clerk

No. 22-60388
Summary Calendar

———————

Guillermo De Jesus Herrera Calle; Brahyan Herrera Ruiz; Dione Julieth Ruiz Arias,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 389 051
Agency No. A206 389 052
Agency No. A206 389 053

———————

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Guillermo De Jesus Herrera Calle petitions this court for review of an order of the Board of Immigration Appeals denying a motion to reconsider a decision overturning an Immigration Judge's grant of asylum and

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60388

withholding of removal and remanding for consideration of eligibility for relief under the Convention Against Torture.[1]

We must always be aware of our jurisdiction. *Zhao v. Gonzales*, 404 F.3d 295, 302 & n.3 (5th Cir. 2005). Under our statutory authority, we may review a "final order of removal" in immigration proceedings. 8 U.S.C. § 1252(a)(1); *see Moreira v. Mukasey*, 509 F.3d 709, 713 (5th Cir. 2007). Our jurisdiction to review final orders of removal "encompasses review of decisions refusing to reopen or reconsider such orders." *Mata v. Lynch*, 576 U.S. 143, 147 (2015) (internal citations omitted). Because Herrera Calle's petition for review challenges neither a final order of removal nor a "decision[] refusing to reopen or reconsider" a final order of removal, *Mata*, 576 U.S. at 147, we lack jurisdiction over it. *See* § 1252(a)(1). The petition for review is DISMISSED.

_____

[1] The other petitioners were derivatives on Herrera Calle's application for relief.