REVISED
SILER, Circuit Judge.
In this consolidated review, Mame Sene petitions for review of two orders of the Board of Immigration Appeals (“BIA”). Sene argues the BIA erred in these rulings by not giving credence to her ineffective assistance of counsel claim and not recognizing the dispositive nature of the evidence she now seeks to present. Sene also claims that she was denied a full and fair hearing by the Immigration Judge (“IJ”). The petitions are DISMISSED.
BACKGROUND
Sene, a native and citizen of Senegal, submitted an application for asylum in early 2001 and, upon its denial, the Immigration and Naturalization Service instituted removal proceedings. The crux of her asylum claim was that, as a member of a minority political group, she has been persecuted by the Senagalese government. Ultimately, the IJ denied Sene’s application for asylum, denied her relief under the Convention Against Torture, and ordered her removed to Senegal. Sene, through counsel, filed a timely appeal of the IJ’s decision, but the BIA summarily affirmed the IJ without opinion.
Later, Sene filed a pro se motion to reopen in April 2004. Along with this motion, she submitted two pieces of new evidence: (1) a psychological evaluation and (2) background information on a ferry disaster in Senegal to explain her mother’s absence. Also, she noted that she would soon be undergoing a medical examination relating to her female genital mutilation (FGM) claim. The BIA denied the motion to reopen. This decision of the BIA is before us in No. 04-3794.
In June 2004, Sene, through new counsel, filed a second motion to reopen and, in the alternative, a motion to reconsider, seeking a remand of her case for new fact finding. She sought to present “new and material evidence” unavailable previously due to the ineffective assistance of her former counsel. The BIA denied the motion to reconsider as untimely under 8 C.F.R. § 1003.2(b). It denied her motion to reopen as numerically barred under 8 C.F.R. § 1003.2(c)(2) and on the basis that none of the proffered evidence was previously unavailable. With regard to the ineffective assistance claim, the BIA ruled *553 that Sene failed to establish that her former counsel’s actions had prejudiced her case. These decisions are before us in No. 04-4115.
DISCUSSION
1. First Motion to Reopen
Sene’s first motion to reopen was supported by three “new” pieces of evidence: (1) a psychological report, (2) background information on a ferry disaster to explain her mother’s absence at the original hearing, and (3) a letter indicating that Sene would see a gynecologist to document her FGM claim. After review, the BIA denied the motion to reopen on the grounds that none of the proffered evidence was previously unavailable as required under 8 C.F.R. § 1003.2(c)(1).
In a given case the Board ... may determine, as a sufficient ground for denying a motion to reopen, whether the alien has produced previously unavailable, material evidence.... These decisions are subject to an abuse of discretion standard of review, and in determining whether the Board abused its discretion, this Court must decide whether the denial of the motion to reopen was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.
Allabani v. Gonzales, 402 F.3d 668, 675 (6th Cir.2005) (internal quotations and citation omitted). Where “the material was available and the Board provided a reasoned explanation,” there is no abuse of discretion. Id. at 676. In this case, the evidence was clearly previously available since it dealt exclusively with events that occurred and were known about prior to the original hearing. Aso, the BIA provided a reasoned explanation as to why it was denying the motion. Therefore, it did not abuse its discretion.
2. Second Motion to Reopen and Motion to Reconsider
(a) Ineffective Assistance of Counsel Claim
On this second appeal, Sene’s arguments primarily revolve around the claim that her counsel was ineffective due to insufficient client contact, inadequate preparation, failure to attend hearings, and inadequacy in making legal arguments. After consideration, the BIA ruled that Sene “failed to sufficiently establish that her former counsel’s actions resulted in prejudice to her case.”
Fifth Amendment guarantees of due process extend to aliens in deportation proceedings. Hamid v. Ashcroft, 336 F.3d 465, 468 (6th Cir.2003) (internal quotations and citation omitted). “Ineffective assistance of counsel in a deportation proceeding will rise to the level of a due-process violation under the Fifth Amendment ‘only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case.’ ” Denko v. I.N.S., 351 F.3d 717, 723 (6th Cir.2003) (citations omitted). “To constitute fundamental unfairness, however, a defect in the removal proceedings must have been such as might have led to denial of justice.” Allabani, 402 F.3d at 676 (internal quotations and citation omitted). Ultimately, the alien carries the burden and must show not simply “mere ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing.” Denko, 351 F.3d at 724 (internal quotations, alterations, and citations omitted). Athough we generally review the Board’s denial of a motion for reopen for abuse of discretion, a claim of ineffective assistance *554 of counsel is reviewed de novo. Allabani, 402 F.3d at 676 (citations omitted).
Since Sene has satisfied the preliminary requirements for an ineffective assistance claim, see Matter of Lozada, 19 I. & N. Dec. 637, 1988 WL 235454 (BIA 1998), we review the merits of that claim. Beginning with the issue of prejudice, Sene must show that the evidence she now seeks to present would have changed the outcome of the proceedings before the IJ and Board. See Allabani 402 F.3d at 678 (“Since we are unable to find that the respondent is prima facie eligible for a grant of asylum ... we cannot conclude that the respondent suffered prejudice by the representation of his former attorney”). On this point, Sene primarily points to the comments of the IJ indicating that a medical report on the extent of her injuries “would have been virtually dispositive in the case.” However, the IJ made clear that the medical report was dispositive in his mind because he believed that any medical professional would be able to determine approximately when her injuries occurred and, moreover, that such a professional could determine the manner in which the circumcision was done. In other words, the IJ believed such a report could determine whether scars existed to show her injuries were “crudely done” by a “completely untrained and uncaring individual.” A review of the medical report of Dr. Dyson in the record reveals no such information. The only information Dr. Dyson was able to confirm was that Sene had indeed been circumcised. Importantly, Dr. Dyson states that the “external genitalia is totally healed without evidence of scarring.” Given the limited nature of Dr. Dyson’s report, it is far from clear that this information would have changed the outcome of Sene’s asylum proceedings. Nonetheless, if the information in Dr. Dyson’s report had been coupled with the psychological evaluation and the asylum application of her mother, both of which corroborated her claims, there is a strong likelihood that the outcome of the proceedings would have been different.
Along with showing prejudice, an individual alleging ineffective assistance must also show that any prejudice to her case was a result of the incompetence of her counsel. See Denko, 351 F.3d at 724. In other words, a claimant must prove deficient performance by counsel. Moreover, showing deficient performance alone is insufficient; rather, the party claiming ineffective assistance must show performance so deficient as to have impinged upon the fundamental fairness of the hearing. Id. Sene’s primary allegations of incompetence concern her former counsel’s failure to present certain corroborative evidence, including her mother’s asylum application and a medical report documenting her injuries. As this court has noted, where it is reasonable to expect corroborative evidence, such evidence should be provided. Dorosh v. Ashcroft, 398 F.3d 379, 382 (6th Cir.2004). Sene’s former counsel attempted to obtain information relating to both Sene’s physical injuries and her mother’s asylum hearing. In an affidavit, Sene admits that her former counsel advised her “to bring my mother to testify at the final hearing” and later stated that it “would be easier to win” the case with that testimony. However, “sometime before the final hearing,” Sene informed her former counsel that her mother would be unable to attend. Regarding the medical evidence, former counsel asked Sene to “get a medical report” from her doctor at Bellevue and, after that report turned out to be unsatisfactory, former counsel escorted Sene to a medical office in order to set up an appointment. Ultimately, Sene stated that she could not afford such an examination and no appointment was made.
We do not dispute Sene’s contentions that her former counsel could have taken greater care in the preparation of her case. *555 For example, former counsel’s attempt to obtain medical evidence concerning the extent of Sene’s injuries occurred only after the IJ stressed the importance of such information. Clearly, an attempt to obtain that evidence should have occurred at an earlier. Further, better communication between client and attorney was much needed. Despite this, though, former counsel’s performance was not so ineffective as to have impinged upon the fundamental fairness of the hearing. Sene’s former counsel did (1) attempt to garner medical evidence for the case, (2) stress the importance of Sene’s mother’s testimony, (3) present other evidence corroborating Sene’s claims, including extensive reports on the conditions in Senegal and a confirmation of Sene’s mother’s asylum approval, (4) file a well-supported brief to the Board appealing the decision of the IJ. Overall, Sene’s former counsel’s actions cannot be deemed ineffective assistance.
(b) Denial of Second Motion to Reopen and Motion to Reconsider
“The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board.... The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.” 8 C.F.R. § 1003.2(a). The denial of a motion to reopen or reconsider is reviewed for an abuse of discretion. Denko, 351 F.3d at 723. An abuse of discretion can be shown when the BIA “offers no ‘rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis such as invidious discrimination against a particular race or group.’ ” Id. (citing Balani v. I.N.S., 669 F.2d 1157, 1161 (6th Cir.1982)).
Sene first argues that her case should be reopened to allow her to introduce two new pieces of evidence: a medical exam documenting the extent of her injuries and her mother’s asylum application. Recognizing the numerical limitation, she requests the court equitably toll that provision. The BIA, without mentioning equitable tolling, ruled that the motion was barred under 8 C.F.R. § 1003.2(c)(2), that it did not fall within any of the exceptions to that provision, and, in any event, the new evidence proffered was not previously unavailable.
First, with regard to the numerical limitation, “a party may file only one motion to reopen deportation or exclusion proceedings.” 8 C.F.R. § 1003.2(c)(2). There are four exceptions to this requirement, but Sene does not argue for, nor does she qualify for, any of them. See 8 C.F.R. § 1003.2(c)(3). Moreover, this court has never held that equitable tolling applies to numerical limitations on motions to reopen.[1] Second, evidence offered on a motion to reopen must have been unavailable at the previous hearing. 8 C.F.R. § 1003.2(c)(1). Since this is undoubtedly Sene’s second motion to reopen and the proffered evidence was previously available, the BIA’s decision cannot be deemed an abuse of discretion.
Alternatively, Sene argues this should be considered a motion to reconsider the BIA’s denial of her first motion to reopen. Here, the BIA denied the motion to reconsider as untimely under 8 C.F.R. § 1003.2(b)(2). Under § 1003.2(b)(2), a “motion to reconsider a decision must be filed with the BIA within 30 days after the *556 mailing of the Board decision.” In the case at bar, the denial of the first motion to reopen was mailed on May 18, 2004, and the motion to reconsider was filed on June 21, 2004. This is clearly outside of the time limitation. Accordingly, the BIA’s decision was rational and based upon established policies and, therefore, was not an abuse of discretion.
3. Denial of Full and Fair Hearing by the Immigration Judge Claim
In her brief to this court, Sene also claims that the IJ denied her a “full and fair hearing.” On January 6, 2003, the IJ denied Sene’s application for asylum. Immediately, Sene appealed that decision to the BIA and it affirmed, without opinion, the decision of the IJ on March 23, 2004. However, Sene did not petition this court for judicial review of that decision; instead, she chose to file a motion to reopen on April 21, 2004. The failure to appeal is important because the statute providing for judicial review of the removal decision states that “[t]he petition for review must be filed not later than 30 days after the date of the final order of removal.” 8 U.S.C. § 1252(b)(1). “That statutory time limit is both mandatory and jurisdictional.” Prekaj v. I.N.S., 384 F.3d 265, 267 (6th Cir.2004) (internal quotations and citation omitted). Since Sene did not seek judicial review of that decision within thirty days of its issuance, “the court lacks jurisdiction to consider Petitioner’s] objections to that decision.” Id. at 268.
PETITIONS DISMISSED.

. Even assuming equitable tolling of numerical limitations is the law of this circuit, there must be some reason for equitable tolling to apply. Sene argues that the ineffective assistance of her counsel justifies equitable tolling; however, as discussed above, the ineffective assistance claim is not meritorious. Therefore, in the absence of other arguments, she has no valid ground on which to request equitable tolling. See Hermiz v. I.N.S., 86 Fed.Appx. 44, 45 (6th Cir.2003).