RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 07a0185p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ALI JABER,

> *Petitioner,*

*v.*

No. 05-3882

ALBERTO R. GONZALES, Attorney General,

> *Respondent.*

On Petition for Review of a Decision
of the Board of Immigration Appeals.
No. A43 841 322.

Submitted: January 25, 2007

Decided and Filed: May 22, 2007

Before: SILER, MOORE, and ROGERS, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Nabih H. Ayad, NABIH H. AYAD ASSOCIATES, Dearborn Heights, Michigan, for Petitioner. Derri T. Thomas, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Respondent.

_____

**OPINION**

_____

ROGERS, Circuit Judge. This appeal concerns two final Board of Immigration Appeals determinations that impact Ali Jaber's right to remain in the United States. The first determination involves the BIA's initial decision on Jaber's removal from the United States, while the second final determination concerns the BIA's subsequent decision not to reopen its initial decision on removal. In his habeas petition, Jaber petitioned the district court to review the BIA's final determination to remove him and, arguably, the IJ's decision not to reopen. The district court, pursuant to the REAL ID Act, converted Jaber's habeas petition into a petition for review only of the original BIA final determination on removal. On appeal, however, Jaber challenges only the BIA's final determination not to reopen, a final decision for which he never filed a petition for review and a decision that remains outside of the scope of the district court's limited transfer of the case to this court. Because Jaber has not filed a petition for review of the BIA's final determination on whether to reopen and because the district court did not transfer Jaber's challenge to the BIA's final determination on whether to reopen, we cannot review Jaber's arguments as to the merits of the BIA's most recent decision, and we deny Jaber's petition for review.

1

This case has a long and convoluted history. Jaber, a native of Lebanon, married Danielle Darwish, an American citizen, in October 1992. On June 12, 1993, Jaber entered the United States on an immigrant visa as the spouse of a United States citizen, as a conditional permanent resident. On August 17, 1993, however, Darwish filed for annulment of the marriage alleging, among other things, that Jaber married her in order to obtain permanent residence status in the United States. The Wayne County Circuit Court entered a default judgment of annulment on January 28, 1994.

On September 2, 1994, the Immigration and Naturalization Service served Jaber with notice that it intended to terminate his conditional permanent resident status because of the annulment of his marriage. Jaber promptly responded by filing a Form I-751 Petition to Remove the Conditions on Residence in which he requested a waiver of the requirement that he and his wife file a joint petition for permanent residence. In his Form I-751 petition, Jaber argued that his "conditional residence is based on [his] marriage to a U.S. citizen or permanent resident" and that he "entered into the marriage in good faith, but the marriage was terminated through divorce/annulment." On October 4, the INS terminated Jaber's conditional permanent resident status and informed him that he could request review of that determination during deportation proceedings. Also on October 4, the INS issued an Order to Show Cause and Notice of Hearing charging that Jaber was subject to deportation, and on November 8, the Wayne County Circuit Court denied Jaber's motion to set aside the default judgment of annulment.

On January 25, 1995, the INS informed Jaber that it reviewed affidavits from friends and relatives and found that Jaber "failed to demonstrate that [he] married in good faith."[1] The INS also informed Jaber that it reviewed a police report of an alleged assault and concluded that Jaber "failed to demonstrate that . . . deportation from the United States would result in an extreme hardship."[2] The INS, therefore, determined that Jaber had not met the requirements of either of the two relevant bases for a waiver under 8 U.S.C. § 1186a(c)(4): he failed to demonstrate that extreme hardship would result if he were removed, § 1186a(c)(4)(A); and he failed to demonstrate that he married Darwish in good faith and was not at fault in failing to file his Form I-751 jointly, § 1186a(c)(4)(B). (A third basis, not applicable here, is that the alien "was battered by or was the subject of extreme cruelty perpetrated by his or her spouse." 8 U.S.C. § 1186a(c)(4)(C).)

On November 17, 1995, Jaber married another U.S. citizen, Brandy Kay Parr, who filed a Petition for Alien Relative (Form I-130) on December 28, 1995, seeking to allow Jaber to apply for a visa.

On April 7, 1998, an immigration judge held the deportation hearing that was noticed on October 4, and decided Jaber's application for voluntary departure and his application for a waiver of the joint petition requirement. The IJ found that, although Jaber entered into his marriage in good faith, Jaber was not entitled to a waiver because he did not show that he would also face a hardship if he returned to Lebanon. The IJ accordingly denied Jaber's application for a waiver of the joint petition requirement.

---

[1]The January 25, 1995, correspondence appears to reflect the INS's rejection of Jaber's Petition to Remove the Conditions on Residence (Form I-751) although the subject of the correspondence reads: "Notice of Denial of Application for Waiver of Requirement to File Joint Petition for Removal of Conditions (Form I-752)." There is no copy of a Form I-752 in the record, but the INS letter states, "The record reflects that you filed an Application for Waiver of Requirement to File Joint Petition for Removal of Conditions (Form I-752) on September 28, 1994." While it is not clear from the record what form the INS referred to, the parties do not contest that such relief was properly sought. *See* JA 99. Jaber does not argue that the INS failed to deny his Form I-751 petition.

[2]Jaber did not raise the hardship issue in his Form I-751 and it is unclear at what point Jaber raised this issue.

On April 8, the INS filed a motion to reconsider the IJ's decision that Jaber needed to show both a good faith marriage and hardship if returned to Lebanon, and argued that a good-faith marriage was sufficient for relief even without a hardship showing. Accepting that Jaber was not required to show hardship if the marriage was in good faith, the INS argued—contrary to the IJ's determination—that Jaber failed to demonstrate that he entered into his marriage with Darwish in good faith. The INS therefore requested that the IJ reconsider his decision on the latter point. The IJ denied the motion to reconsider, although still finding that Jaber had married Darwish in good faith.

The INS itself filed a notice of appeal to the BIA in which the INS argued that the IJ erred by concluding that Jaber had entered into his marriage with Darwish in good faith. Jaber did not appeal the IJ's decision, apparently in reliance on the fact that the INS, in its appeal, itself challenged the IJ's decision that Jaber needed to prove both a good faith marriage and extreme hardship. The INS, however, withdrew its appeal on July 30, 1998, leaving no notice of appeal before the BIA. On October 6, 1998, the BIA issued an order returning the record to the IJ. Two days later, on October 8, 1998, Jaber's counsel, David Wenger, filed a Motion to Accept Untimely Appeal in which he argued that Jaber did not file a notice of appeal because the INS had done so and "a decision of the IJ in this case will be final even when it is clearly in error and should not be allowed to stand." (There is no copy of an appeal in the record.) The BIA denied the Motion to Accept Untimely Appeal on July 5, 2000.

On December 2, 1998, while Jaber's Motion to Accept Untimely Appeal to the BIA was pending, Jaber filed a grievance against Wenger for failing to file a timely appeal from the IJ's decision. On June 1, 1999, the State of Michigan's Attorney Grievance Commission formally admonished Wenger for violating the Michigan Rules of Professional Conduct, concluding that he had "failed to ensure that the immigration forms filed on behalf of Mr. [Jaber] were accurate, complete, and timely filed." Jaber did not seek new counsel, however. According to Jaber's affidavit filed with the Attorney Grievance Commission, Wenger convinced him that "if I filed anything it would hurt my case and prevent me from getting my 'green card'" and reassured Jaber that his immigration proceedings would work out favorably but did not make Jaber aware of the status of those proceedings.

On January 30, 2003, the INS approved Parr's Form I-130 application on behalf of Jaber, granting Jaber the opportunity to apply for lawful permanent resident status. Nevertheless, in June 2004, Jaber received a letter from the INS requesting that he appear on July 19, 2004, to be removed from the United States. Jaber and his brother-in-law met with Wenger, and Wenger told Jaber that "the Deportation people don't know what they are talking about and that he will again take care of everything." Jaber then decided to retain new counsel.

On August 20, 2004, through his new counsel, Jaber filed a motion to reopen the April 7, 1998, IJ decision on the basis of the ineffective assistance of his prior counsel. The IJ denied the motion as untimely on October 14, 2004. The IJ reasoned that the motion to reopen was untimely because the IJ's order became final when the government withdrew the only notice of appeal in the case. Jaber filed a motion to reconsider, which the IJ denied on November 22, 2004. On March 24, 2005, Jaber filed a motion with the BIA to accept his untimely appeal of the denial of the motion to reopen. (The record does not contain an official appeal. There is just a motion with a one-page attachment describing how the IJ erred.)

On April 12, 2005, while Jaber's appeal to the BIA from the IJ's decision not to reopen was pending, he filed a petition for a writ of habeas corpus in federal district court. In his habeas petition, Jaber alleged that his immigration proceedings violated his substantive due process and equal protection rights. He did not, however, specify which decision he was seeking the court to review. On the one hand, the habeas petition argued that "[b]y failing to reopen the case, [the INS

is] violating federal law," suggesting that Jaber was challenging the IJ's decision not to reopen the case. On the other hand, Jaber explained that he had an appeal before the BIA on whether to reopen the case, suggesting that he was, in fact, only challenging the BIA's final decision on removal. On April 27, the Government filed a response, treating Jaber's habeas petition as a petition for review of the BIA's final decision on removal. Jaber filed a traverse on May 4 in which he laid out three errors in the IJ's denial of Jaber's motion to reopen, suggesting that the habeas petition challenged the denial of the motion to reopen.

On June 30, 2005, the district court granted the Government's motion to transfer the case to this court, concluding that Jaber was challenging a final administrative order of deportation (the only final order from the BIA at the time that Jaber filed his habeas petition). The court reasoned that the habeas petition was filed to "challenge[ ] a final administrative order of deportation," which the INS issued in 2000. The district court also concluded that the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106, 119 Stat. 231, 311 (2005), required it to transfer any such case to the appropriate circuit court of appeals.

Later, on August 18, 2005, the BIA rendered its decision on Jaber's appeal of the IJ's 2004 denial of his motion to reopen. The BIA accepted Jaber's appeal as timely filed, concluding that the IJ had mailed his decision to Jaber's previous counsel, not his current counsel, and that this excused Jaber's late filing of that appeal. However, the BIA concluded that the IJ correctly denied Jaber's motion to reopen as untimely, stating that "respondent failed to adequately explain why he waited so long to file a motion to reopen claiming ineffective assistance of counsel."

There are three ways to interpret Jaber's April 12, 2005, habeas petition. First, the habeas petition could be seen, as the INS and district court viewed it, as a challenge to the October 6, 1998, BIA final order on removal. On appeal, however, Jaber, does not challenge the original BIA final order, and we therefore do not review the merits of that decision. Second, Jaber's habeas petition could be seen as a petition for review of the August 20, 2004, IJ denial of the motion to reopen. Because the BIA was in the process of reviewing that IJ decision, this court does not have jurisdiction to review the IJ decision independently. *Prekaj v. INS*, 384 F.3d 265, 267 (6th Cir. 2004). Third, the habeas petition could be seen as a petition for review of the as-yet-unentered August 18, 2005, BIA decision denying his appeal of the IJ's denial of the motion to reopen. As discussed below, this court does not have jurisdiction to hear Jaber's petition to the extent that it can be construed as appealing the August 18, 2005, BIA decision.[3] With respect to the final BIA decision of the motion to reopen, Jaber has not filed a petition for review, and the REAL ID Act does not turn a premature habeas petition into such a petition for review.

This court may not hear Jaber's petition for review of the August 18, 2005, BIA decision denying his appeal of the IJ's denial of his motion to reopen and reconsider because the district

---

[3]We have stated in the past that the statutory time limit for petitioning to review a removal reopening denial is "both mandatory and jurisdictional." *Prekaj v. INS*, 384 F.3d 265, 267 (6th Cir. 2004) (quoting *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996)). We need not decide in this case whether the petition requirement in this case is "jurisdictional" in the sense that it cannot be waived by the government, or in the sense that the government may be equitably prevented from raising it. Three recent Supreme Court decisions instruct us to distinguish carefully between subject-matter jurisdiction and other limits on a court's authority, in the context of determining whether such limits may be waived or forfeited by a party. *Cobb v. Contract Transport., Inc.*, 452 F.3d 543, 550 (6th Cir. 2006) (referring to *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 1242-45 (2006), *Eberhart v. United States*, 546 U.S. 12 (2005), and *Kontrick v. Ryan*, 540 U.S. 443, 453-54 (2004)). Assuming that 8 U.S.C. § 1252(b)(1)'s petition requirement is non-jurisdictional for some purposes, it is still the law, and Jaber offers no reason why § 1252(b)(1)'s requirement of a petition for review (or a statutorily converted equivalent) should not apply in this case. A non-jurisdictional rule is still a rule, and the government in this case, unlike litigants in recent Supreme Court cases, properly raised the "claim processing rule." *See Eberhart*, 546 U.S. 12; *Kontrick*, 540 U.S. 443.

court's transfer of the case did not convert Jaber's habeas petition into a petition for review of the BIA's decision not to reopen.  Section 106(c) of the REAL ID Act provides:

> If an alien's case, brought under section 2241 of title 28, United States Code [governing habeas petitions], and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division [May 11, 2005], then the district court shall transfer the case (or part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed. . .  The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section [subsec. (b)(1) of this section] shall not apply.

8 U.S.C. § 1252(a)(5), *as added by* § 106(c) of the REAL ID Act, Pub. L. 109-13.  The statute instructs us to treat the transferred case as if it were a petition for review.  The question before us, then, is: had Jaber filed the case at hand as a petition for review, would we expand the petition to cover the later BIA decision denying his motion to reopen?

In this case, the district court correctly looked to the only final administrative order at the time that it transferred this case, specifically the earlier BIA decision affirming the IJ's decision on removal.  The transfer of the case converted Jaber's habeas petition into a petition for review of this, and only this, final order because there was no second BIA final administrative order for the transfer to convert into a petition for review.  The district court's transfer, therefore, did not convert Jaber's habeas petition into a petition for review of the BIA decision on whether to reopen.

Our conclusion is supported by the great weight of relevant authority.  Under 8 U.S.C. § 1252(b)(1), a party must file a petition for review with the court of appeals within 30 days.  In a recent unpublished opinion, but relying on binding precedent, we made clear that a petition for review does not cover a later BIA decision on a separate motion:

> This court does not have jurisdiction to review El Harake's claims of ineffective assistance of counsel because El Harake failed to file a petition for review of the BIA's decision denying his motion to reconsider. Under 8 U.S.C. § 1252(b)(1), a petition for review of a removal order must be filed with the court of appeals within 30 days. Here, El Harake failed to file a petition for review of the BIA's decision denying his motion to reconsider. Therefore, this court does not have jurisdiction to review that decision. *See, e.g.*, *Prekaj v. INS*, 384 F.3d 265, 267-68 (6th Cir. 2004); *see also Stone v. INS*, 514 U.S. 386, 394-95, 403 (1995) (noting that an earlier version of 8 U.S.C. § 1252(b)(6), which required consolidation of review of an order under 8 U.S.C. § 1252 with review of a motion to reconsider, contemplates the filing of two petitions for review where a motion to reconsider leads to a second BIA decision).

*El Harake v. Gonzales*, No. 05-3993,  2006 WL 3717564, at *4 (6th Cir. Dec. 18, 2006); *see also Bal v. Gonzales*, No. 06-3179, 2006 WL 3539297, at *2 (6th Cir. Dec. 7, 2006) ("[T]he petition for review filed on February 8, 2006, cannot provide jurisdiction to review the BIA's summary affirmance of June 9, 2003, and the court must limit its review to the BIA's January 11, 2006, denial of Bal's motion to reconsider."); *Sene v. Gonzales*, 180 Fed. App'x 551, 556 (6th Cir. 2006) (similar).  As we stated in another unpublished opinion, a party who seeks reopening or reconsideration must file separate petitions for review within 30 days of each final order. *Qeraxhiu v. Gonzales*, No. 05-4051, 2006 WL 3314542, at *2 (6th Cir. Nov. 15, 2006); *see also Musaj v. Gonzales*, No. 05-4162, 2007 WL 419639, at *3-4 (6th Cir. Feb. 8, 2007) ("Petitioners did not file petitions for review of those decisions before the applicable deadlines.  Therefore, this court does not have jurisdiction to review those decisions.").  As discussed earlier, Jaber sought BIA review

of the IJ's denial of his motions to reopen, but the BIA did not issue its decision until after Jaber filed his habeas petition in the district court and after the district court transferred the case to this court.  Jaber also did not later file a petition for review of the BIA's denial of his appeal of the IJ's rejection of his motion to reopen.

We also reject Jaber's argument, relying on the Supreme Court's holding in *INS v. St. Cyr*, 533 U.S. 289 (2001), that this court has habeas jurisdiction over his case.  The REAL ID Act of 2005 clearly eliminated a habeas petition as a means for judicial review of a removal order, abrogating any holding in *St. Cyr* to the contrary.

Because there is no statutory basis for this court to hear Jaber's petition for review of the agency's refusal to reopen, we dismiss his petition.