**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 8, 2009
Decided May 27, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2996

| | |
|---|---|
| CHIRAGKUMAR J. PATEL,<br>　　　　　*Petitioner*, | Petition for Review from an Order<br>of the Board of Immigration Appeals |
| *v.* | No. A098-208-042. |
| ERIC. H. HOLDER, JR., Attorney General<br>of the United States,<br>　　　　　*Respondent*. | |

**O R D E R**

**I.**

Petitioner Chiragkumar J. Patel appeals the Board of Immigration's (BIA) denial of his motion to reopen and/or reconsider the orders issued during his removal proceedings. Patel, a Hindu citizen of India, entered the United States surreptitiously in 1998. In 1992-93, when he was sixteen and still living in India, he participated in anti-Muslim demonstrations organized by Shiv Sena, a fundamentalist, pro-Hindu organization. At least one demonstration he attended turned violent, and Patel saw several people murder a Muslim man by beating him and then by stabbing him with a trishude, a trident-like symbol of the Hindu god Shiva. Shortly after the demonstration, Patel claims that Muslims demanded that he cooperate with

the police investigation into the murder and threatened his life if he did not; local Shiv Sena members threatened him with grave danger if he did speak with the authorities. Patel spoke with the police shortly after the event, who apparently requested that he testify as a witness. Patel was never physically harmed.

In 1993, he left his hometown and went to live with his uncle in another part of India, where he lived openly and finished high school. On a few occasions, he surreptitiously visited his parents in his hometown, also without incident. Then, in 1998, allegedly after years of being afraid that "somebody" would kill him in India because of events surrounding the demonstrations, Patel came to the United States with the assistance of a human smuggler. The Department of Homeland Security initiated removal proceedings in late 2004 based on his failure to properly seek admission into the United States. See 8 U.S.C. § 1182(a)(6)(A)(i) (2006).

During the proceedings, Patel conceded removability and applied for political asylum, withholding of removal and deferral of removal under the U.N. Convention Against Torture (CAT) based on persecution because of his Hindu religion. He also requested voluntary departure. In support of his application, he offered the U.S. Department of State's Country Report on Human Rights Practices in India for 2005 and the testimony of his schoolmate, Ketan Patel. The BIA affirmed the decision of the Immigration Judge (IJ) to deny his application because the asylum application was untimely and because Patel did not meet his burden on his other substantive claims. He was denied voluntary departure as a matter of discretion, in part because he was involved in the violent Shiv Sena demonstration.

Patel did not file a timely petition for direct review of the BIA's order, so we do not have jurisdiction to review that order. See 8 U.S.C. § 1252(b)(1) (2006)[1] (direct petition for review must be filed within 30 days); *Stone v. I.N.S.*, 514 U.S. 386, 405-06 (1995) (statutory deadline for petition is jurisdictional); *Asere v. Gonzales*, 439 F.3d 378, 380 (7th Cir. 2006) (same); *Ahmed v. Ashcroft*, 388 F.3d 247, 248 (7th Cir. 2004) (discussing the unreviewability of the underlying order in the context of a motion to reconsider); see also *Jaber v. Gonzales*, 486 F.3d 223, 228 n.3 (6th Cir. 2007) (stating that, even if deadlines like 1252(b)(1) might be waivable and non-jurisdictional defects, the government objected to the untimeliness of the petition, so it need not be considered on appeal).

Instead of directly petitioning for review of the BIA's initial order, Patel waited exactly three months and filed a motion to reopen and/or reconsider the BIA's initial order. The BIA construed this motion as both a motion to reconsider and a motion to reopen (and we do the same). The BIA denied the motion to reconsider both because it was untimely and because it failed to identify any error of fact or law. The BIA held that the motion to reopen was unsupported by any new facts and did not make a showing that Patel would now be

---

[1] Patel filed his application for asylum in April 2006.

reasonably likely to succeed on the merits or that he was eligible for voluntary departure. Patel then filed this petition for review.

**II.**

1.

To point out errors of fact or law, a petitioner may file one motion to reconsider, within 30 days of the BIA's order, a decision that he is removable from the United States. See 8 U.S.C. § 1229a(c)(6)(A)-(C). As Patel's motion to reconsider was filed more than 30 days after the BIA's decision, see *id.*; see also 8 C.F.R. § 1003.2(b)(2), and Patel did not urge the BIA to equitably toll the deadline or present any other argument why his motion to reconsider was timely, we conclude it was properly dismissed.

2.

Patel's motion to reopen was timely. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). We review the BIA's decision to deny a motion to reopen for abuse of discretion. See *Kucana v. Holder* (Kucana I), __ U.S. __, 130 S.Ct. 827, 834 (2010); *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992); *Kucana v. Holder* (Kucana II), – F.3d –, 2010 WL 1755014, at *1 (7th Cir. May 4, 2010). A motion to reopen a removal proceeding "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); see also 8 C.F.R. § 1003.2(c)(1). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

Patel cited no new facts and attached no new evidence to his motion to reopen. Instead, the "evidence" he provided in support of his motion was that the BIA held that the IJ had improperly determined that he was a persecutor–a point more properly made in a motion to reconsider. Patel has, therefore, not presented any new evidence that would allow us to find that the BIA abused its discretion in declining to reopen his proceedings. See, e.g., *Khan v. Filip*, 554 F.3d 681, 692 (7th Cir. 2009), *cert. denied* 130 S.Ct. 1049 (2010); *Caushi v. Atty. Gen. of U.S.*, 436 F.3d 220, 231 (3d Cir. 2006).

Moreover, while the BIA indeed found that Patel was not a persecutor, Patel ignores the BIA's conclusion that, despite the IJ's error, the IJ properly denied Patel's application for the alternative and independent reason that he had not met his burden to show that it was more likely than not that he would be persecuted in the future on account of a protected ground or that he was eligible for a grant of protection under the CAT. A motion to reopen is a "procedural device" to ensure that the petitioner's claims "have been accorded a reasonable hearing," and the BIA did not abuse its discretion in declining to reopen the proceedings as Patel has not made out a prima facie case for the relief he seeks. See *Kucana I*, 130 S.Ct. at 837;

see also *Doherty*, 502 U.S. at 323-24 (a court may deny a timely motion to reopen if the petitioner failed to establish a (prima facie) basis for previously unavailable relief); see also *Bao Hua Lin v. Gonzales*, 435 F.3d 708, 710 (7th Cir. 2006); *Guo v. Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004) (explaining that a "prima facie" case requires the petitioner to demonstrate a "reasonable likelihood" that he is entitled to relief); *Matter of Coelho*, 20 I & N Dec. 464, 473 (BIA 1992) ("[I]f we conclude that our decision on the appeal would be the same even if the proffered evidence were already part of the record on appeal, we will deny the motion to remand [or reopen].").

For the foregoing reasons, the petition for review is **DENIED**.