**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVINDER SINGH,

     Petitioner,

v.

JEFF SESSIONS,[*] United States Attorney
General,

     Respondent.

No. 16-9548
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.
_____

Davinder Singh, a native and citizen of India proceeding pro se, petitions for

review of an order issued by the Board of Immigration Appeals (BIA) denying his

second motion to reopen. We exercise jurisdiction under 8 U.S.C. § 1252 and deny

the petition.

---

[*] In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Jeff Sessions is substituted for Loretta E. Lynch as the respondent in this
action.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Singh entered the United States in March 2014 and was detained by the Department of Homeland Security (DHS), which initiated removal proceedings. Mr. Singh was released on bond, and he provided a Tennessee address as his residence. In April 2014 he hired Genet Getachew to represent him and to file a motion for change of venue. According to Mr. Singh, she responded to his inquiries by stating that it was "in process" and "still pending," but she never actually filed the motion. R. at 20, 21. He concedes that she did inform him that since no such motion had been granted he still needed to appear at his August 2014 hearing in Utah.

In July 2014 Mr. Singh hired Mohammed Arif, whom he never met in person, to represent him at the hearing. At the time, Mr. Singh "believed [Mr.] Arif to be an attorney as [Mr. Singh] was informed that [Mr.] Arif frequently visits the detention center in Eloy, Arizona, and files cases on behalf of the detainees." Opening Br. at 4. Mr. Singh subsequently came to believe that Mr. Arif was not admitted to practice law.

On the day of the hearing, Mr. Singh told Mr. Arif that he would not be able to attend the hearing due to a back injury. For unexplained reasons, another individual actually represented Mr. Singh at the hearing.[1] The representative stated that Mr. Singh was unable to appear due to lower-back pain. He presented a letter from Mr. Singh's sponsor stating that Mr. Singh's back injury prevented him from

---

[1] Although Mr. Singh contends that he was not able to reasonably present his case because he was not present at the hearing, he does not allege that the representative who appeared on his behalf provided ineffective assistance.

traveling by bus to Utah and that he had no other way get there. The representative also presented an address-change form providing a New York address as Mr. Singh's current residence and requested a continuance to file a motion for change of venue. The immigration judge (IJ) denied the request for a continuance and entered a removal order in absentia. Mr. Singh did not appeal that order.

Shortly after Mr. Arif informed Mr. Singh of the result of the hearing, Mr. Singh made an additional payment to Mr. Arif with the understanding that he would file a motion to reopen. However, Mr. Arif did not file the motion until March 2015. Further, he filed it as a pro se motion without any supporting evidence.

The IJ denied that motion as untimely. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (allowing an alien to challenge an in-absentia order within 180 days if "the failure to appear was because of exceptional circumstances"). The IJ also determined that Mr. Singh had provided no evidence to support his assertion that his back injury prevented him from attending the hearing, and therefore he had failed to establish exceptional circumstances. *See* 8 U.S.C. § 1229a(e)(1) ("The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien."). Mr. Singh did not appeal the denial of that motion.

In April 2015 Mr. Singh hired new counsel. She filed a second motion to reopen in June 2015, asserting that Ms. Getachew's ineffective assistance prevented

3

Mr. Singh from presenting his case at the hearing, that his back injury constituted an exceptional circumstance preventing him from attending the hearing, that there are no numerical limits on motions to reopen, that Mr. Singh did not learn about the deficiencies of his first motion to reopen until April 2015, and that equitable tolling was appropriate because Mr. Arif fraudulently held himself out to be an attorney.

The IJ denied the second motion to reopen on the ground that it was number-barred. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (allowing an alien to file only one motion to reopen).

Mr. Singh appealed to the BIA, arguing that he was entitled to equitable tolling due to Ms. Getachew's ineffective assistance and Mr. Arif's fraudulent conduct. With respect to Ms. Getachew, he argued that he had complied with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), *overruled*, *Matter of Compean*, 24 I. & N. Dec. 710 (Att'y Gen. 2009), *vacated*, 25 I. & N. Dec. 1 (Att'y Gen. 2009), by providing an affidavit describing his agreement with Ms. Getachew, by informing Ms. Getachew of the allegations against her by letter and allowing her an opportunity to respond (which she did by sending him a refund check), and by filing a complaint with the appropriate disciplinary authority in New York. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1363 (10th Cir. 2004) (finding no entitlement to equitable tolling where petitioner failed to satisfy the *Lozada* requirements). With respect to Mr. Arif, Mr. Singh argued that he was "a victim of deceit and fraud by an individual who is involved in the unethical and illegal practice

4

of law," R. at 24, and that he had no way to file a complaint against Mr. Arif, as *Lozada* would typically require, because Mr. Arif was not actually an attorney.

To support his argument for equitable tolling, Mr. Singh asserted that he did not learn about Ms. Getachew's failure to file a motion for change of venue until he retained new counsel in April 2015 and that he did not learn about Mr. Arif's deceit until the IJ denied his first motion to reopen earlier that same month. He argued further that he had exercised due diligence because he hired Ms. Getachew and Mr. Arif to represent him and reasonably relied on their representations throughout the proceedings.

The BIA concluded that the motion was number-barred, and it declined to apply equitable tolling based on ineffective assistance. According to the BIA, Mr. Singh failed to establish that he was prejudiced by the conduct of either Ms. Getachew or Mr. Arif because his back injury—not ineffective assistance—was the reason he gave for not appearing at his hearing. The BIA stated that in ruling on Mr. Singh's first motion to reopen, the IJ had "permissibly concluded that [Mr. Singh's back injury] was not shown to be a sufficient reason for missing the hearing." R. at 4; *see* 8 U.S.C. § 1229a(e)(1) (defining exceptional circumstances). As a result, the BIA affirmed the IJ's denial of Mr. Singh's second motion to reopen.

Before this court Mr. Singh argues that the BIA abused its discretion when it denied his second motion to reopen. Specifically, he argues that he was prejudiced by the ineffective assistance he received from both Ms. Getachew and Mr. Arif: first, when no motion for change of venue was filed before his hearing; second, when

insufficient evidence was presented at the hearing; and third, when the first motion to reopen was filed late and without supporting evidence. He also appears to argue that the BIA erred by relying on the IJ's determination, when it denied his first motion to reopen, that he failed to establish that his back injury was an exceptional circumstance justifying his failure to appear at the hearing.

## II. Analysis

We review for abuse of discretion a BIA order denying a motion to reopen. *Galvez Piñeda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted). But the BIA does not abuse its discretion when "its rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law." *Infanzon*, 386 F.3d at 1362. We construe Mr. Singh's pro se pleadings liberally, *see Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013), but we will not supply additional factual allegations or construct legal theories on his behalf, *see Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

Generally, an alien may file only one motion to reopen. *See* 8 C.F.R. § 1003.23(b)(4)(ii). It is beyond dispute that in the absence of equitable tolling Mr. Singh's second motion to reopen was number-barred. Although Tenth Circuit precedent establishes that the *time* limitation on motions to reopen may be equitably tolled on the basis of ineffective assistance of counsel, *see Riley v. INS*, 310 F.3d

6

1253, 1258 (10th Cir. 2002), whether the *number* limitation may also be equitably tolled remains an open question. We need not resolve this issue today because we discern no abuse of the BIA's discretion in declining to apply equitable tolling.

When an alien files a motion to reopen, "[t]he BIA must examine [his] situation to determine whether his particular case warrants equitable tolling." *Id.* An alien subject to removal "state[s] a Fifth Amendment violation if he proves that retained counsel was ineffective and, as a result, [he] was denied a fundamentally fair proceeding." *Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002). "Ineffective assistance of counsel in a deportation proceeding is a denial of due process only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Lozada*, 19 I. & N. Dec. at 638. "But, in order to prevail on an ineffective assistance of counsel claim, the petitioner must show he was prejudiced by his attorney's performance." *Veloz-Luvevano v. Lynch*, 799 F.3d 1308, 1312 (10th Cir. 2015).

Mr. Singh failed to demonstrate that he was prejudiced by the allegedly ineffective assistance he received. Even if Ms. Getachew had filed a motion for change of venue, "the mere submission of a motion for change of venue does not excuse an alien's failure to appear." *Tang v. Ashcroft*, 354 F.3d 1192, 1195 (10th Cir. 2003) (internal quotation marks omitted). Mr. Singh did not show what evidence he would have presented in the motion for change of venue or at the hearing, had he been present. Nor has he presented any evidence he would have included with his first motion to reopen that would have created a reasonable

7

likelihood that the outcome would have been different. *See United States v. Aguirre-Tello*, 353 F.3d 1199, 1209 (10th Cir. 2004) (adopting the "reasonable likelihood" standard for demonstrating prejudice sufficient to render a deportation proceeding fundamentally unfair). His contention that Mr. Arif should have submitted a doctor's note and other evidence Mr. Singh acquired *after* the IJ denied his first motion to reopen is without merit. Under these circumstances, the BIA did not abuse its discretion by declining to apply equitable tolling.

To the extent Mr. Singh seeks to challenge the IJ's determination that his back injury did not constitute an exceptional circumstance, he failed to appeal this issue to the BIA after either his hearing or the denial of his first motion to reopen; therefore, he did not exhaust his administrative remedies, and we lack jurisdiction to consider the matter. *See Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991) ("Judicial review does not extend to points the alien could have made before the Board but did not.").

## III. Conclusion

The petition for review is denied.

Entered for the Court

Monroe G. McKay
Circuit Judge

8