# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60017

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2017

Lyle W. Cayce
Clerk

JUAN RAMON TARANGO, also known as Ramon Tarango,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A 090 398 253

Before KING, JONES, and ELROD, Circuit Judges.

PER CURIAM:*

Juan Ramon Tarango petitions for review of the Board of Immigration Appeals's denial of his third motion to reopen his immigration proceedings as untimely and numerically barred. Tarango contends that the Board erred in failing to address his argument that equitable tolling renders his motion timely, but he does not address why his motion is not number-barred, in addition to being untimely. Because this is Tarango's third successive motion

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60017

to reopen, we interpret it as a motion for the Board to exercise its discretionary authority to sua sponte reopen Tarango's proceedings. Accordingly, we DISMISS his petition for lack of jurisdiction over the Board's use of its sua sponte authority.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Juan Ramon Tarango is a native and citizen of Mexico. In 1974, he entered the United States as a baby, without inspection by an immigration officer, and adjusted his status to lawful permanent resident in 1988. In 1996, Tarango pleaded guilty in Harris County, Texas, to intentionally and knowingly possessing less than one gram of cocaine, for which he received a deferred adjudication of guilt and two years' probation. Shortly afterwards, the former Immigration and Naturalization Service issued Tarango an Order to Show Cause and Notice of Hearing, which charged that Tarango was deportable based on this controlled substance conviction. *See* 8 U.S.C. § 1227(a)(2)(B)(i) (1996) (currently codified at 8 U.S.C. § 1227(a)(2)(B)(i)) (providing that any alien who, after admission, is convicted of violating any law "relating to a controlled substance [other than for an inapplicable exception] . . . is deportable"). On December 8, 1998, an immigration judge ordered Tarango deported. Tarango alleges that he was ultimately deported to Mexico in 2009.

In February 2012, Tarango filed his first motion to reopen his immigration proceedings, in which he argued, among other things, that previously unavailable evidence (namely, a recently decided case from this circuit) established that he was eligible for cancellation of removal. The Board of Immigration Appeals (BIA) denied Tarango's motion on the basis that because he had been placed in deportation proceedings, he was ineligible for cancellation of removal. In June 2013, Tarango filed a second motion to reopen, this time requesting that the BIA exercise its sua sponte authority to reopen

2

No. 16-60017

his immigration proceedings.  He argued that, subsequent to his removal order, fundamental changes in the law had affected his eligibility for a waiver of deportation under former 8 U.S.C. § 1182(c), and thus his case presented an exceptional circumstance warranting reopening.  But the BIA again declined to reopen, finding it unwarranted because Tarango was statutorily ineligible for a waiver.  Tarango petitioned this court for review, and we dismissed his petition for lack of jurisdiction because it sought review of the BIA's use of its sua sponte authority.  *Tarango v. Holder*, 592 F. App'x 293, 295 (5th Cir. 2014) (per curiam).

Tarango filed his third motion to reopen—the subject of the instant petition for review—in September 2015.  He argued that, based on the Supreme Court's recent decision in *Mata v. Lynch*, 135 S. Ct. 2150 (2015), he was entitled to equitable tolling of the statutory deadline for filing his motion, rendering it timely.  He reiterated his request that the proceedings be reopened to allow him to apply for a waiver of deportation.  The BIA denied the motion, finding it both untimely and number-barred.  The BIA further noted that it declined to exercise its sua sponte authority to reopen Tarango's proceedings because he was statutorily ineligible for a waiver of deportation.  Tarango filed a timely petition for review with this court.

## II.  JURISDICTION OVER THIS PETITION

We begin our analysis of a petition for review of a BIA decision by determining whether we have jurisdiction to conduct such a review.  *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013).  Regardless of our jurisdiction over the underlying petition, we always have jurisdiction to review jurisdictional facts.  *Id.*  We review questions of jurisdiction de novo.  *Id.*; *see also Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006) (per curiam).  Because we conclude we lack jurisdiction over Tarango's petition, we do not address the merits of his equitable tolling argument.

3

No. 16-60017

Tarango petitions for review of the BIA's denial of his third motion to reopen. "A motion to reopen is a form of procedural relief that asks the [BIA] to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Lugo–Resendez v. Lynch*, 831 F.3d 337, 339 (5th Cir. 2016) (alteration omitted) (quoting *Dada v. Mukasey*, 554 U.S. 1, 12 (2008)). A motion to reopen may also be made in order to obtain discretionary relief that was not available at the time of the original hearing. 1 Immigr. Law and Defense § 9:13. An alien has two avenues through which he may move to reopen proceedings: a statutory motion to reopen or a regulatory motion to reopen. *Lugo–Resendez*, 831 F.3d at 340–41. First, an alien subject to a deportation order has a statutory right to file *one* motion to reopen the proceedings. 8 U.S.C. § 1229a(c)(7)(A); *see Mata*, 135 S. Ct. at 2153. Subject to exceptions not relevant here,[1] a statutory motion to reopen must be filed within 90 days of the final removal order. 8 U.S.C. § 1229a(c)(7)(C). However, this 90-day deadline is subject to equitable tolling "in certain circumstances." *Lugo–Resendez*, 831 F.3d at 343–44. In general, we have jurisdiction over a petition seeking review of the denial of a statutory motion to reopen, including those based on the denial of equitable tolling. *Mata*, 135 S. Ct at 2154 (citing *Kucana v. Holder*, 558 U.S. 233, 242 (2010)).

In addition to a statutory motion to reopen, an alien can file a regulatory motion to reopen, which invokes the BIA's or immigration judge's discretionary authority to sua sponte reopen the removal proceedings at any time. *Lugo–Resendez*, 831 F.3d at 340–42; *see* 8 C.F.R. §§ 1003.2(a), 1003.23(b). The BIA invokes its sua sponte authority "sparingly, treating it not as a general remedy

---

[1] The 90-day deadline does not apply to (1) aliens seeking asylum who can point to "changed country conditions" in the country to which they were removed; (2) battered spouses, children, and parents who meet certain specifications; (3) aliens who jointly file the motion to reopen with the Government; and (4) certain aliens who were ordered removed in absentia. 8 U.S.C. § 1229a(c)(7)(C)(ii)–(iv); 8 C.F.R. §§ 1003.2(c)(3), 1003.23(b)(4).

4

No. 16-60017

for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations." *In re G-D-*, 22 I & N Dec. 1132, 1133–34 (BIA 1999). The regulations vest the decision of whether to sua sponte reopen entirely in the discretion of the immigration judge or the BIA, and as a result, we have "no legal standard against which to judge" the denial of a regulatory motion to reopen. *Enriquez–Alvarado v. Ashcroft*, 371 F.3d 246, 250 (5th Cir. 2004); *see also Mata*, 135 S. Ct. at 2155 (noting holding in *Enriquez–Alvarado* and "assuming *arguendo*" that it was correct). Accordingly, bound as we are by our rule of orderliness, *see Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008), we do not have jurisdiction over a petition seeking review of the denial of a regulatory motion to reopen, *Enriquez–Alvarado*, 371 F.3d at 249–50.

Thus, whether we have jurisdiction over Tarango's petition turns on whether his motion to reopen was filed pursuant to his statutory right or, instead, his motion invokes the BIA's sua sponte authority to reopen. To distinguish between the two types of motions to reopen, we rely on whether the alien's motion complies with the statute. "[A] motion to reopen that does not comply with the [statutory] requirements . . . must be construed as a regulatory motion to re-open." *Lugo–Resendez*, 831 F.3d at 342. The statutory requirements provide that an alien may file "*one* motion to reopen proceedings . . . within 90 days of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7) (emphasis added). In other words, a motion to reopen constitutes a statutory motion to reopen only if it complies with the numerical and time limitations imposed by the statute, or if its untimeliness may be excused on the basis of equitable tolling. *Lugo–Resendez*, 831 F.3d at 342–43.

5

No. 16-60017

Tarango's motion complies with neither of these limitations.  It is undisputed that this is his third motion to reopen—two more than the numerical limit—and that the motion was filed years after his final deportation order, long after the  90 day statutory deadline.  Tarango's brief offers a basis to excuse the untimeliness of his motion, but not the fact that it is numerically barred.  In his brief, Tarango discusses his equitable tolling argument only in relation to the time limitation on motions to reopen, not the numerical limitation.  Thus, even if we assume *arguendo* that Tarango is entitled to equitable tolling of the statutory deadline excusing the motion's untimeliness, as Tarango asserts, we are still left with the numerical limit.  An alien has a statutory right to file only one motion to reopen.  8 U.S.C. § 1229a(c)(7).  Tarango offers no argument for why his motion to reopen—his third such motion—complies with the numerical limitation provided in the statute.  Indeed, we have only applied equitable tolling to the time limitation on motions to reopen and have never held that it may also apply to the numerical limitation.[2]  *Lugo–Resendez*, 831 F.3d at 343–44 (holding only that

---

[2] Many of our sister circuits have also left this an open question.  *See Singh v. Sessions*, --- F. App'x ---, 2017 WL 2126588, at *3 (10th Cir. 2017) ("[W]hether the *number* limitation may . . . be equitably tolled remains an open question."); *Ruiz–Turcios v. U.S. Att'y Gen.*, 717 F.3d 847, 850 (11th Cir. 2013) ("[T]here is no precedent in [the Eleventh Circuit] which has addressed whether [the] one-motion limitation is . . . subject to equitable tolling."); *Tapia–Martinez v. Gonzales*, 482 F.3d 417, 422–23 (6th Cir. 2007) ("[The Sixth Circuit] has never held that equitable tolling applies to numerical limitations on motions to reopen." (quoting *Sene v. Gonzales*, 180 F. App'x 551, 555 (6th Cir. 2006))); *Luntungan v. Att'y Gen.*, 449 F.3d 551, 557 (3d Cir. 2006) ("[The Third Circuit] ha[s] not issued a precedential opinion deciding whether *numerical* limits on motions to reopen may be equitably tolled . . . .").  Further, the few sister circuits that have decided the question have not permitted the numerical limitation to be equitably tolled on the basis of changes in the law, which is the basis urged by Tarango. *See Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) (permitting equitable tolling of the number limit where the petitioner alleges ineffective assistance of counsel); *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (permitting equitable tolling of the numerical limits "during periods when the petitioner is prevented from filing because of deception, fraud, or error"); *Davies v. INS*, 10 F. App'x 223, 224 (4th Cir. 2001) (per curiam) (permitting equitable tolling of numerical limitation where the petitioners alleged ineffective assistance of counsel).

6

No. 16-60017

equitable tolling applies to the time limitation and not addressing the numerical limitation).  Because Tarango does not argue that he is entitled to equitable tolling of the numerical limitation, we need not, and do not, address this question today.

Tarango's motion to reopen did not comply with the statute's numerical limitation and he does not offer a basis for excusing this noncompliance. Accordingly, we must construe it as a regulatory motion to reopen invoking the BIA's sua sponte power to reopen proceedings.  *Id.* at 342–43.  But, under our rule of orderliness, we lack jurisdiction over a petition seeking review of the BIA's use of its sua sponte authority.  *Enriquez–Alvarado*, 371 F.3d at 249–50. We therefore lack jurisdiction over Tarango's petition for review.

The only argument that Tarango offers in support of our jurisdiction is unavailing.  Tarango urges that, following the Supreme Court's decision in *Mata*, all motions to reopen are filed pursuant to statute.  According to Tarango, *Mata* abolished regulatory motions to reopen.  Thus, he claims, this court must possess jurisdiction over his motion to reopen.  However, Tarango mischaracterizes *Mata*'s holding.  *Mata* did not end regulatory motions to reopen, nor did it disturb our precedent, *Enriquez–Alvarado*, 371 F.3d at 249–50, holding that we lack jurisdiction over petitions for review of such motions. To the contrary, *Mata* recognized this holding and left it intact.  135 S. Ct. at 2155 (acknowledging holding in *Enriquez-Alvarado* and "[a]ssuming *arguendo*" that it was correct); *see also Lugo–Resendez*, 831 F.3d at 343 (recognizing the continued existence of regulatory motions to reopen post-*Mata*).  *Mata* merely held that untimeliness of a motion to reopen could not serve as a basis for depriving this court of jurisdiction if the alien argues that he is entitled to equitable tolling of the statutory deadline.  135 S. Ct. at 2155. Here, Tarango does not argue that the numerical limitation in the statute should be equitably tolled, nor does he provide any other basis on which his

7

noncompliance with this limit should be excused.  Therefore, *Mata* does not provide a basis upon which to exercise jurisdiction over Tarango's petition for review.

## III.  CONCLUSION

The petition for review is DISMISSED for lack of jurisdiction.